IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN TAYLOR,<br><br>          Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-cv-00101-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Now before the court is Defendant State Farm Fire & Casualty Company's Motion for Partial Summary Judgment.[1]  This case arises from a dispute about the coverage Plaintiff Ryan Taylor is entitled to under his State Farm-issued insurance policy for wind damage to his roof.[2] State Farm seeks summary judgment on Taylor's claim for breach of the duty of good faith and fair dealing, arguing Taylor cannot rely on the same damages for both his breach of contract and breach of the duty good faith and fair dealing claims.[3]  Alternatively, State Farm contends it is entitled to summary judgment on the breach of duty claim because Taylor's claim was fairly debatable.  State Farm also requests a judicial determination that Taylor's Policy covers only individually damaged roof shingles.

State Farm's argument that breach of duty damages must be distinct from breach of contract damages has become vogue among insurers in recent years.  This issue is raised with increasing frequency in both federal and state courts by insurers in response to homeowner

---

[1] Dkt. 15, *Defendant's Motion for Partial Summary Judgment* (*Motion*).

[2] *Id.*

[3] For purposes of this Order, the court will refer to the claim simply as "breach of duty."

claims like the one presented here by Taylor.[4]  The genesis of the argument appears to be an unpublished decision by the Tenth Circuit Court of Appeals applying Utah law in *Blakely v. USAA Casualty Insurance Company*.[5]  The Utah appellate courts have yet to weigh in, but most district courts considering the issue have agreed with the insurance companies and granted motions to dismiss breach of duty claims where breach of contract claims are simultaneously asserted.  Indeed, the undersigned sided with State Farm in a previous case and, in an oral ruling, granted its motion for partial summary judgment on this precise issue.  Having carefully reconsidered the issue, and for the reasons explained below, the court now concludes that ruling was incorrect.  Because the court concludes (1) a breach of duty claim may rest on damages identical to those supporting a breach of contact claim in a Utah insurance action, and (2) attorney fees may constitute breach of duty damages in appropriate cases, State Farm's Motion is DENIED.

## BACKGROUND[6]

---

[4] As in this case, many insurers remove cases to federal court on diversity jurisdiction.  *See* Dkt. 2; *see also Christensen v. Mid-Century Ins. Co.*, 2020 WL 619437 (D. Utah Feb. 10, 2020); *Andersen v. Foremost Ins. Co. Grand Rapids, Michigan*, 2021 WL 6087694 (D. Utah Dec. 23, 2021); *Harper v. State Farm Fire & Cas. Co.*, 2024 WL 3510369 (D. Utah Jul. 23, 2024); *Baker v. Progressive Direct Ins. Co.*, 2023 WL 3044954 (D. Utah Apr. 21, 2023).  For Utah district courts, *see e.g.*, *Pearson v. Farmers Ins. Group*, Case no. 180900880 (Third District Court Dec. 10, 2019); *Erickson v. Farmers Ins. Exch.*, Case No. 210903216 (Third District Court March 9, 2022); *Lewis v. Farmers Ins. Exch.*, Case no. 210903196 (Third District Court Jun. 27, 2022); *Davis v. Fire Ins. Exch.*, Case no. 210901757 (Third District Court Aug. 12, 2022); *Barker v. Fire Ins. Exch.*, Case no. 210902301 (Third District Court Oct. 13, 2022).

[5] *Blakely v. USAA Cas. Ins. Co.*, 691 Fed. App'x. 526 (10th Cir. 2017).

[6] Unless otherwise stated, the following facts are material and not genuinely in dispute.  They are drawn from the parties' briefing and attached exhibits.  *See generally* Fed. R. Civ. P. 56(c).  Because this Order resolves a motion for summary judgment, the court "consider[s] the evidence in the light most favorable to the non-moving party."  *Duvall v. Georgia-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010) (quotation simplified).  The court provides only the factual background relevant to the present Motion.

Taylor bought a residence located in North Logan, Utah in June 2020.[7]  Prior to purchasing the home, Taylor obtained a home inspection on June 1, 2020.[8]  The inspection report indicated the roof coverings were generally in good condition and the inspector did not observe any leaks.[9]  The report also stated the roof was older than was typical for homes in the area, but showed normal wear and tear for the age and location.[10]  Although the inspector concluded the roof was in decent condition, he noted it was nearing the end of its "life cycle" and recommended minor repairs, including repairing "[d]amaged or missing roofing material."[11]

Taylor obtained a homeowner's insurance policy through State Farm on June 25, 2020.[12]  The Policy contained the following provisions: (1) State Farm will not pay for any loss to the property caused by "wear, tear, decay, … deterioration, … latent defect, or mechanical breakdown"; and (2) State Farm will not pay for any loss to the property that is a result of "settling, cracking, shrinking, bulging, or expansion of … roofs."[13]  The Policy further provided that State Farm will pay to repair or replace the damaged part of the covered property with "similar construction and for the same use on the premises."[14]

On September 7, 2020, Taylor's wooden shake shingled roof was damaged by a windstorm.[15]  The damage from the windstorm included missing and split shakes, as well as damage to soft metals, downspouts, and rain gutters.[16]  Following the storm, Taylor filed a claim

---

[7] Dkt. 15, Ex. G, at 2.

[8] Dkt. 23, *Reply*, Ex. R.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Dkt. 15, *Motion*, Ex. B.

[13] Dkt. 15, *Motion*, at 3–4.

[14] Dkt. 15, *Motion*, Ex. B at 30.

[15] Dkt. 21, *Opposition*, at 6.

[16] Dkt. 15, *Motion*, at 2.

against his Policy for the roof damage.[17]  State Farm employee Brad Kaplan inspected the roof and provided Taylor with an estimate to replace only the individually wind-damaged shake shingles.[18]  Taylor subsequently hired Christopher Little, a public adjuster with Utah Public Adjusters, to represent him on his insurance claim.[19]  Taylor's contract with Little provided Taylor would pay Utah Public Adjusters 15% of the amount paid on the claim.[20]  On May 2, 2021, Little sent an email to State Farm explaining that, in his judgment, the entire roof needed to be replaced because the existing "roof is not reparable due to brittleness."[21]  Little's email included an estimate to replace Taylor's entire roof for $147,380.54.[22]  In response, State Farm maintained it would cover repair of only the individually wind-damaged shake shingles.[23]

Dissatisfied with State Farm's response, Taylor filed a Complaint on August 9, 2022, asserting claims for breach of contract and breach of the duty of good faith and fair dealing.[24]  For both claims, Taylor seeks the following damages: $147,380.54 for replacing the entire roof, public adjuster costs, attorney fees, interest and costs.[25]  State Farm filed its Motion on December 5, 2023, seeking (1) dismissal of Taylor's claim for breach of the duty of good faith and fair dealing and (2) a determination that Taylor's Policy covers only individually wind-damaged shake shingles "and does not cover a full roof replacement if it is found that the need

---

[17] *Id.*

[18] Dkt. 15, *Motion* at 4.

[19] Dkt.15, *Motion* at 4, Ex. D.

[20] *Id.*

[21] *Id.*

[22] Dkt. 15, *Motion* at 4–5, Ex. D.

[23] Dkt. 15, *Motion* at 5; Dkt. 21, *Opposition* at 5.

[24] Dkt. 2, Ex. A, *Complaint*.

[25] *Id*.

for full roof replacement predated the policy period and/or was caused by any excluded cause of loss."[26]  The court received oral argument on State Farm's Motion on August 8, 2024.[27]

The Motion is fully briefed and, aided by the parties' oral argument, ripe for review.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[28]  A dispute is genuine if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[29]  A fact is material "if under the substantive law it is essential to the proper disposition of the claim."[30]  Judgment as a matter of law is appropriate when the nonmoving party fails to make a sufficient showing on an essential element of his or her prima facie case for which he or she has the burden of proof.[31]  "In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[32]

In ruling on a motion for summary judgment, courts "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party."[33]  When determining whether the evidence is sufficient to support judgment as a matter of law, the court's role is not

---

[26] Dkt. 15, *Motion*.

[27] Dkt. 27, *Minute Entry* (Motion Hearing).

[28] Fed. R. Civ. P. 56(a).

[29] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[30] *Id.* at 670.

[31] *See id.* at 670–671; *see also Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012).

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

[33] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

to "weigh the evidence and determine the truth of the matter[,] but to determine whether there is a genuine issue for trial."[34]

## ANALYSIS

State Farm contends it is entitled to summary judgment on Taylor's breach of duty claim for two reasons.  First, State Farm argues Taylor fails to allege damages distinct from those sought under Taylor's breach of contract claim, and attorney fees alone cannot support a claim for breach of duty.[35]  Second, State Farm asserts Taylor's breach of duty claim fails as a matter of law because Taylor's claim for a new roof is fairly debatable.[36]  State Farm also requests a judicial declaration that Taylor's insurance Policy covers only individually damaged shake shingles, not a full roof replacement, where the need for the full replacement predated the policy period or was caused by an excluded cause of loss.  The court addresses each issue in turn.

### I.    Taylor Has Asserted Recoverable Damages to Support His Breach of Duty Claim.

Under Utah law, every contract contains an implied covenant of good faith and fair dealing.[37]  Insurance policies are evaluated like other contracts, meaning all insurers and insureds have "parallel obligations to perform the contract in good faith."[38]  This implied duty obligates an "insurer [to] diligently investigate the facts [of a claim] to enable it to determine whether a claim is valid, … fairly evaluate the claim, and … thereafter act promptly and reasonably in rejecting or settling the claim."[39]  It "also requires the insurer to deal with laymen

---

[34] *Liberty Lobby*, 477 U.S. at 249.

[35] Dkt. 15, *Motion*, at 7–16.

[36] Dkt. 15, *Motion*, at 16–20.

[37] *See Berube v. Fashion Ctr., Ltd.*, 771 P.2d 1033, 1046 (Utah 1989) ("Utah has recognized that all contracts contain a covenant of good faith and fair dealing.").

[38] *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 801 (Utah 1985).

[39] *Id.*

as laymen and not as experts in the subtleties of law and underwriting and to refrain from actions that will injure the insured's ability to obtain the benefits of the contract."[40]  And, to provide "incentive to an insurer to promptly and faithfully fulfill its contractual obligations," the Utah Supreme Court held in *Beck v. Farmers Insurance Exchange* that insured plaintiffs may assert a separate claim for breach of the duty if an insurer fails to fulfill these obligations.[41]  Denying a claim does not necessarily create a breach of duty cause of action.[42]  Rather, "[t]he test of the insurer's conduct is one of reasonableness."[43]

State Farm first contends Taylor's breach of duty claim fails as a matter of law because Taylor does not assert any viable damages to support the claim.  State Farm makes two arguments to support its position.  First, State Farm argues to maintain a breach of duty claim Taylor "must have evidence of damages caused by the alleged breach of the implied covenant, separate and apart from the 'breach of contract' damages."[44]  Second, State Farm argues any public adjuster or attorney fees Taylor incurs in litigating his breach of contract claim are not "stand alone damages" sufficient to support a breach of duty claim.[45]

### A. Breach of Contract and Breach of Duty Damages

---

[40] *Id.* (internal quotation marks omitted).  *See also Huitron v. Kaye*, 2022 UT 36, ¶ 37, 517 P.3d 399 (stating that under the implied covenant, both parties have a "duty not to intentionally or purposely do anything [that] will destroy or injure the other party's right to receive the fruits of the contract and to … act consistently with the agreed common purpose and the justified expectations of the other party").

[41] *See Beck*, 701 P.2d at 798.

[42] *Andersen v. Foremost Ins. Co. Grand Rapids, Michigan*, No. 1:20-CV-115-DAK-DBP, 2021 WL 6087694, at *2 (D. Utah Dec. 23, 2021).

[43] *Campbell v. State Farm Mut. Auto. Ins. Co.*, 840 P.2d 130, 138 (Utah Ct. App. 1992); *See also Andersen v. Foremost Ins. Co.*, 2021 WL 6087694, at *3 (D. Utah Dec. 23, 2021) ("[T]he implied covenant imposes a duty on first-party insurers to act in an objectively reasonable manner in handling an insured's claim.") (alteration in the original).

[44] Dkt. 15, *Motion* at 7.

[45] *Id.* at 7–9.

State Farm asserts Taylor's breach of duty claim fails because the claim rests on the same damages as Taylor's express breach of contract claim.[46]  A breach of contract and a breach of duty both give rise to a claim for money damages against the breaching party unless the parties' agreement states otherwise,[47] but damages for breach of contract and breach of duty need not be distinct.  Breach of contract and breach of duty have a close relationship[48] and damages likewise "may be similar or even identical."[49]  Though the claims are asserted separately, "the same evidence [can] provide a sufficient basis for damages on either or both of the breach claims."[50]  While plaintiffs ordinarily may not double recover damages,[51] "[r]ecovery under one claim is not limited by or tied to recovery under the other claim."[52]  Indeed, the Utah Court of Appeals recently affirmed a jury award for damages on a breach of duty claim where the prevailing party had asserted the same damages under multiple theories, including breach of contract.[53]

Nevertheless, State Farm relies on *Billings v. Union Bankers Insurance Company* and *Blakely v. USAA Casualty Insurance* for the proposition that a breach of duty claim must allege

---

[46] Dt. 15, *Motion*, at 7.

[47] *U.S. v. Winstar Corp.*, 116 S.Ct. 2432, 2460 n.30 (quoting Restatement (Second) of Contracts § 346, Comment *a* (1981)) ("Every breach of contract gives the injured party a right to damages against the party in breach unless the parties … by agreement vary the rules.") (internal quotation marks omitted).; *see also Olé Mexican Foods Inc. v. J & W Distribution LLC*, 2024 UT App 67, ¶ 35, 549 P.3d 663 ("[A] breach of the implied covenant is simply a species of breach of contract.").

[48] *See Braun v. Medtronic Sofamor Danek, Inc.*, 141 F.Supp.3d 1177, 1187 (D. Utah Oct. 21, 2015), *aff'd*, 719 Fed. App'x 782 (10th Cir. 2017).

[49] *Healy-Petrik v. State Farm Fire & Cas. Co.*, No. 2:20-CV-00611-TC-JCB, 2022 WL 464220, at *6 (D. Utah Feb. 15, 2022).

[50] *Braun v. Medtronic Sofamor Danek, Inc.*, 141 F.Supp.3d at 1188.

[51] *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Exp., Inc.*, 962 F.2d 1470, 1473 (10th Cir. 1992) ("It is undisputed that a plaintiff generally may not double recover damages."); *see also Truck Ins. Exch. v. Rutherford*, 2017 UT 25, ¶ 12, 395 P.3d 143 (stating double recovery is disfavored in insurance law).

[52] *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 23, 94 P.3d 193; *see also Olé Mexican Foods Inc.*, 2024 UT App 67 (determining a jury verdict that found no breach of contract while finding liability for breach of the covenant of good faith and fair dealing was not inconsistent); *Healy-Petrik*, 2022 WL 464220 (finding contract damages were sufficient for a claim for breach of the duty of good faith and fair dealing).

[53] *See Olé Mexican Foods Inc.*, 2024 UT App 67.

damages distinct from those sought under an asserted breach of contract claim.[54]  The court disagrees with State Farm's interpretation of these cases.

First, *Billings* primarily addresses limitations on the scope of damages available under a breach of contract claim and does not squarely discuss damages for breach of duty.[55]  In *Billings*, the Utah Supreme Court held the district court erred in instructing a jury that it could award broad consequential damages under a breach of contract claim.[56]  The Court clarified that breach of contract damages are limited to the "express terms of the contract," and the "expanded consequential damage measure" is available only for breach of duty claims.[57]  Contrary to State Farm's characterization, the *Billings* Court did not rule that breach of duty damages and breach of contract damages are mutually exclusive.  Although the Court noted damages for breach of duty "may reach beyond the bare contract terms," it did not hold that they must.[58]  In other words, damages for breach of duty claims both encompass and may exceed those available for

---

[54] Dkt. 15, *Motion* at 7–10.  Specifically, State Farm relies on the third appeal in the *Blakely* case.  *See Blakely v. USAA Cas. Ins.*, 691 Fed. App'x, 526 (10th Cir. 2017).  The first *Blakely* appeal disposed of the breach of contract claim and remanded on the breach of the duty of good faith and fair dealing, disagreeing with the district court's reasoning for dismissal of that claim.  *See Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944 (10th Cir. 2011); *see also Healy-Petrik*, 2022 WL 464200, at *6 ("*Blakely I already disposed of the breach of contract claim, holding that there were no contract damages at all.*").  The plaintiffs appealed a second time, disputing the district court's grant of summary judgment on the basis that the claim was fairly debatable.  *See Blakely v. USAA Cas. Ins. Co.*, 500 Fed. App'x. 734 (10th Cir. 2012).  The Blakelys then asserted a breach of duty claim which the district court denied.  The third appeal concerns the district court's grant of summary judgment on the breach of duty claim.  *See Blakely v. USAA Cas. Ins. Co.*, 691 Fed. App'x, 526 (10th Cir. 2017).  For purposes of this Order the court will refer to the appeals as *Blakely I (2011), Blakely II (2012), and Blakely III (2017).*

[55] *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 466–67 (Utah 1996).

[56] *Billings*, 918 P.2d at 467.

[57] *Id.*

[58] *Billings*, 918 P.2d at 466; *see also Beck*, 701 P.2d at 801–02.

breach of contract.[59]  As Judge James Blanch of Utah's Third Judicial District Court recently

observed,[60] this is illustrated in a 2005 decision where the Utah Supreme Court explained:

> [Where] the insurance company unreasonably delayed processing a claim or has
> otherwise acted in bad faith during the investigation process, it is much more likely that
> any damages sustained by the insured were caused by the breach.  In the latter case, the
> delay or other bad faith behavior is itself part of the breach, extending its duration over a
> significant time period, whereas in the former case, the breach has not begun until the
> incorrect decision has been made.  Of course, once the insurance company has issued an
> incorrect decision, further damages, caused by the insurance company's mistaken
> assessment and its withholding of payment, may occur.  To the extent these damages are
> reasonably foreseeable, they should be included in the consequential damages calculation
> for breach of the express terms of the contract.[61]

The court thus concludes State Farm misconstrues the holding of *Billings*.

State Farm's reliance on *Blakely III* is also unavailing.[62]  *Blakely III* concerned whether

certain expenditures the plaintiffs incurred were foreseeable consequential damages from the

defendant's breach of duty, not whether breach of duty damages must be distinct from breach of

contract damages.[63]

In *Blakely III*, the plaintiffs filed an insurance claim after a flooring contractor applied a

flammable sealant to the plaintiffs' floor and a subsequent fire damaged their home.[64]  The

insurer inspected the damage and "ultimately repaired most of the damage to the home."[65]  The

---

[59] *See Olé Mexican Foods Inc.*, 2024 UT App 67, ¶ 35 ("[A] breach of the implied covenant is simply a species of breach of contract."); *see also Billings*, 918 P.2d at 467 ("We recognize[] that in appropriate circumstances, consequential damages for breach of contract may reach beyond the bare contract terms.") (internal quotation marks omitted); *Beck*, 701 P.2d at 802 ("[T]here is no reason to limit damages recoverable for breach of a duty to investigate, bargain, and settle claims in good faith to the amount specified in the insurance policy…. In an action for breach of a duty to bargain in good faith, a broad range of recoverable damages is conceivable.").

[60] *Shumway v. Farmers Ins. Co., Inc. et al*, Case no. 210906306 (Third District Court Aug. 22, 2024).

[61] *Machan v. UNUM Life Ins. Co. of Am.*, 2005 UT 37, ¶ 21, 116 P.3d 342.

[62] Dt. 15, *Motion for Partial Summary Judgment* at 8–9.

[63] *See generally Blakely III*, 691 Fed. App'x 526.

[64] *Blakely III*, 691 Fed. App'x at 529.

[65] *Id.*

plaintiffs paid for other repairs and sued the flooring contractor.[66]  After filing suit against the

contractor, the plaintiffs "invoked their contractual right to an appraisal."[67]  The insurer made an

additional payment and the plaintiffs then admitted "that with the payment of the remaining

appraisal award … [the insurance company] owe[d] them nothing further under the policy's

plain terms."[68]  Nevertheless, the plaintiffs later asserted a breach of duty claim against the

insurer, seeking damages for emotional distress,[69] economic loss for appraisal fees, and attorney

fees for these claims as well as the suit against the contractor.[70]

Following lengthy litigation, the district court concluded the plaintiffs had not "advanced

a theory of recoverable damages as part of their claim against [the insurance company] for

breach of the Implied Covenant" and the plaintiffs appealed.[71]  The Tenth Circuit affirmed,

determining the damages the plaintiffs sought on their breach of duty claim were not "within

the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made"

as required under *Beck*.[72]  Specifically, the Tenth Circuit held the damages the plaintiffs sought

for emotional distress were not reasonably foreseeable in the contract,[73] the contract expressly

stated each party would pay their own appraiser fees,[74] and attorney fees for litigating these

claims and the claims against the contractor were not reasonably foreseeable consequential

---

[66] *Id.*

[67] *Id.*

[68] *Blakely III*, 691 Fed. App'x at 530.

[69] *Id.* ("The Blakelys alleged, *inter alia*, that they suffered financial and emotional damages resulting from USAA's failure to make adequate and timely repairs, reimbursements, and investigations.").

[70] *See generally Blakely III*, 691 Fed. App'x 526.

[71] *Id.* at 531.

[72] *Id*. at 533-37.

[73] *Id.* at 534–37.

[74] *Id.* at 537.

damages to support a breach of duty claim under the specific terms of the insurance contract.[75]
Nothing in the unpublished Tenth Circuit opinion addresses whether damages for breach of duty
must be distinct from damages for breach of contract.

The court concludes the authority identified by State Farm does not support its contention
Taylor cannot allege the same damages for both his breach of contract and breach of duty claims.
Accordingly, State Farm is not entitled to summary judgment on these grounds.

### B. Attorney Fees and Costs

State Farm also argues that *Billings*, *Blakely III*, and *Neff v. Neff*[76] support its position
that attorney fees alone cannot constitute consequential damages for a breach of duty claim. The
court disagrees.

Contrary to State Farm's contention, *Billings* does not hold that attorney fees alone may
not constitute damages for breach of duty. While *Billings* does involve consequential damages
beyond attorney fees, the decision does not state those additional damages were necessary to
maintain a viable breach of duty claim. [77]  In discussing attorney fees, the *Billings* Court
observed, "attorney fees may be recoverable as consequential damages flowing from … the
implied terms of an insurance contract" if they were reasonably foreseeable by the parties at the
time the contract was made.[78]  Indeed, *Billings* held the district court erred in denying attorney
fees under a contingency fee arrangement because the arrangement was foreseeable in light of
the terms of the parties' contract.[79]

---

[75] *Id.* at 537–38.

[76] *Neff v. Neff*, 2011 UT 6, 247 P.3d 380.

[77] *Billings*, 918 P.2d at 466.

[78] *Billings*, 918 P.2d at 468.

[79] *Billings*, 918 P.2d at 461 ("Because there was no evidence to the contrary before the district court, we conclude
the Billings' contingency fee arrangement was foreseeable and therefore the district court's finding that the fee
amount under Billings' contingency fee arrangement was not foreseeable was clearly erroneous.").

*Blakely III* also controverts State Farm's argument that attorney fees and other costs of litigation cannot constitute breach of duty damages.  The *Blakely III* Court acknowledged attorney fees are recoverable consequential damages "if they are reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made."[80] At oral argument here, State Farm relied on the following statement in *Blakely III* to support its position: "[T]he fees and costs in the instant case are not stand-alone damages sufficient to support a breach of the implied covenant claim."[81]  But, read in context, the holding is narrow and specific to the facts of that case – it does not establish a per se rule.[82]  If it were a per se rule, the Tenth Circuit could have simply stated the rule and moved on having already concluded the other categories of damages were not recoverable.  But the Tenth Circuit opinion continues for almost two pages, explaining the additional attorney fees sought under the breach of duty claim in *Blakely III* were not recoverable because they resulted from litigation of claims not foreseeable in the plaintiffs' contract.[83]  The entire discussion is merely surplusage if the Court believed attorneys fees alone are insufficient damages to support a breach of duty claim.

The holding in *Blakely III* was not that attorney fees alone are insufficient to maintain damages on a breach of duty claim, it was that the plaintiffs simply had not asserted any reasonable foreseeable damages.[84]  Indeed, the Court stated the plaintiffs would have been

---

[80] *Id.* at 538.

[81] *Blakely*, 691 Fed. App'x at 538.

[82] Even the Court itself limits the holding to "the instant case."  *Id.*

[83] Recall, the plaintiffs in *Blakely III* sought damages for emotional distress and an appraisal fee that was preempted by the contract.

[84] *Blakely III*, 691 Fed. App'x at 536–38, 541.

entitled to attorney fees as consequential damages had they been able to demonstrate damages for any of their claims.[85]   The *Blakely III* court is not alone in this holding.[86]

Finally, Defendant cites *Neff v. Neff* in its Reply to argue a breach of duty claim may not be supported by attorney fees alone.[87]   But *Neff* concerns breach of fiduciary duty, a tort claim for which attorney fees are not available.[88]   In Utah, an insurer and its insured have a first-party relationship and the "duties and obligations of the parties are contractual rather than fiduciary."[89] Thus, a breach of any "implied or express duties can give rise only to a cause of action in contract, not one in tort."[90]   As the instant case involves first-party contractual obligations for which consequential damages are available, *Neff's* discussion of attorney fees in the fiduciary duty context is unhelpful.

Although the cases State Farm cites do not support its argument, they do reiterate relevant a rule: "When an insurer has breached [the duty of good faith and fair dealing], it is liable for damages suffered in consequence of that breach" so long as those consequential damages are "reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made."[91]   Here, Taylor's Policy contemplates the potential for

---

[85] *Id.* at 538 ("It is beyond peradventure that '[u]nder Utah law, plaintiffs may recover attorney fees if they are successful in pursuing a first-party bad faith suit against their insurer.'").   The *Blakely* plaintiffs had not succeeded on a breach of contract claim and did not demonstrate damages for a breach of duty claim.

[86] *See Campbell v. State Farm Mut. Auto Ins. Co.*, 2001 UT 89, ¶ 120, 65 P.3d 1134 ("Under Utah law, plaintiffs may recover attorney fees if they are successful in pursuing a first-party bad faith suit against their insurer."); *Billings*, 918 P.2d at 468 ("Attorney fees may be recoverable as consequential damages flowing from an insurer's breach of either the express or implied terms of an insurance contract."); *Canyon Country Store v. Bracey*, 781 P.2d 414, 420 (Utah 1989) (recognizing incurred attorney fees for a prevailing party as "an item of consequential damages flowing from the insurer's breach of contract").

[87] Dkt. 23, *Reply*, at 12–13.

[88] *Neff v. Neff*, 2011 UT 6, ¶ 77, 247 P.3d 380 ("The general rule for attorney fees in tort cases is that the parties are each responsible for their own attorney fees.").

[89] *Beck*, 701 P.2d at 800.

[90] *Id.*

[91] *Beck*, 701 P.2d at 801.

14

litigation.  The Policy includes a clause for "Suit Against Us."[92]  The clause does not explicitly state attorney fees will be awarded to the prevailing party, but its inclusion underscores the Policy anticipates the possibility of litigation.  And litigation over denied or reduced homeowner claims routinely includes breach of duty claims for which attorneys fees may be available.  The court thus concludes attorney fees and at least some costs incurred in an action to enforce the contract, including adjuster fees, are reasonably foreseeable consequential damages under the Policy.[93]

In sum, Taylor's claim for breach of duty does not fail for lack of viable damages.[94] Under Utah law, damages for a breach of duty claim need not be distinct from breach of contract damages.  Additionally, when attorney fees are reasonably foreseeable consequential damages stemming from litigating a breach of contract claim, attorney fees alone may represent viable damages for a breach of duty claim.

This conclusion harmonizes in important ways with the Utah Supreme Court's discussion of the breach of duty claim in *Beck*.  First, it furthers the rationale articulated by the Court for permitting a breach of duty claim in the insurance context.  As the Court there explained, "[a]n insured who has suffered a loss and is pressed financially is at a marked disadvantage when bargaining with an insurer over payment for that loss."[95]  This asymmetry in bargaining power may leave an insured "peculiarly vulnerable, both economically and emotionally."[96]

---

[92] Dkt. 15, *Motion*, Ex. B at 29.

[93] *Beck*, 701 P.2d at 802 ("The foreseeability of any … damages will always hinge upon the nature and language of the contract and the reasonable expectations of the parties.").

[94] The term "viable damages" stems from *Blakely III* where the Court determined the emotional distress, appraisal fee, and attorney fee damages the plaintiffs sought were not viable consequential damages in that case.  *See Blakely III*, 691 Fed. App'x at 534.  Defendant misconstrues this statement to mean attorney fees are *never* viable consequential damages.

[95] *Beck*, 701 P.2d at 798.

[96] *Id.*

Consequently, an insurer could potentially "delay settlement while pressures build on the insured … especially if the insurer's exposure cannot exceed the policy limits."[97]  For these reasons the Court concluded an insured should have a practical remedy to "provid[e] a strong incentive for insurers to fulfill their contractual obligations."[98]

To preclude attorney fees and other costs of litigation on summary judgment where those damages are arguably foreseeable consequential damages for breach of duty – as State Farm urges here – would bar recovery in cases where plaintiffs may be justly entitled to such damages. Indeed, State Farm acknowledged at oral argument that were the court to grant summary judgment on the breach of duty claim and Taylor subsequently prevailed at trial on his remaining breach of contract claim, State Farm would dispute any award of attorney fees as prohibited by law.[99]  Such an outcome would be unjust because the insured would have expended considerable resources to "receive the fruits of the contract," but would not be in the same economic position as he or she was prior to the breach.[100]

Second, and in contrast to depriving insureds of meaningful protections discussed by the Court in *Beck*, State Farm's proposed approach provides little by way of additional protection for insurers.  Allowing both breach of contract and breach of duty claims to proceed to trial on the same damages in appropriate cases exposes insurers to little additional risk – aside from having to defend against the breach of duty claim on the merits.  Insurers will be held to account for

---

[97] *Id.*

[98] *Id.*; *see also Billings*, 918 P.2d at 466 (stating that "remov[ing] any incentive for insurers to breach the duty of good faith by expanding their exposure to damages caused by such a breach beyond the predictable fixed dollar amount of coverage provided by the policy" to be the "principal reason" for breach of duty damages).

[99] *See Billings*, 918 P.2d at 466–67 (holding that breach of contract damages are limited to the express terms of the contract and do not include consequential damages).

[100] *Christensen & Jensen, P.C. v. Barrett & Daines*, 2008 UT 64, ¶ 26, 194 P.3d 931 ("Generally, an award of damages in a breach of contract case attempts to place the aggrieved party in the same economic position the party would have been in if the contract was not breached.") (internal quotation marks omitted).

consequential damages (including potentially some attorney fees and costs) only where a jury has concluded the insurer breached its duty of good faith to its insured.  Beyond that, an insurer may also assert a "fairly debatable" defense and avoid those consequential damages where it can show it acted reasonably in managing a claim.[101]  And even then, insureds ordinarily will not be permitted to double-recover identical damages awarded (if any) on separate breach of duty and breach of contract claims.[102]

In short, while an insurer suffers little if any harm from permitting an insured to seek damages under alternate claims for breach of contract and breach of duty, the insured stands to experience substantial loss by requiring dismissal of breach of good faith claims at summary judgment only because the claim rests on the same alleged damages as the breach of contract claim or the possibility of recovering attorney fees and costs as consequential damages where they were reasonably foreseeable when the parties contracted.[103]  The result here represents the remedy this court understands *Beck* intended to establish.[104]

## II.   The Court Cannot Conclude Taylor's Claim was Fairly Debatable as a Matter of Law.

---

[101] *See Billings*, 918 P.2d at 466–67 ("It would not further *Beck*'s purpose of encouraging insurers to act reasonably if we were to impose the broad consequential damages allowed in *Beck* on every insurer who is ultimately determined by a court to have incorrectly denied coverage, regardless of how reasonable the denial.  Such an insurer ought to incur no greater damage exposure than any other person breaching the express terms of the contract.").

[102] *See MidAmerica Fed. Sav. & Loan Ass'n*, 962 F.2d at 1473 ("It is undisputed that a plaintiff generally may not double recover damages."); *see also U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1259–60 (10th Cir. 1988) (compensatory damages for federal securities claim and state breach of fiduciary duty claim duplicative).

[103] At oral argument, State Farm argued it would be harmed if the breach of duty claims survived summary judgment because it would have to expend more resources in discovery and litigation.  But, as stated above, breach of contract and breach of duty are closely connected, and the court is not persuaded a breach of duty claim would often require significant additional discovery.

[104] *Beck*, 701 P.2d at 797–98, 800–01 (concluding "an insured should be provided with [the] remedy" of consequential damages "for an insurer's bad faith refusal to bargain or settle").

Defendant also argues summary judgment is appropriate on Taylor's breach of duty claim because Taylor's claim is "fairly debatable."[105]  The fairly debatable defense to a breach of duty claim provides "that when an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so."[106]  A claim is "fairly debatable as a matter of law only when there is a legitimate factual issue as to the validity of the insured's claim, such that reasonable minds could not differ as to whether the insurer's conduct measured up to the required standard of care."[107]  Courts "determine the issue of 'fairly debatable' from the date on which the insurance company denied the insured's claim" and consider only the information "the insurance company had before it at the time of claim denial."[108]  If an insurer presents sufficient evidence to conclude there was a factual issue at the time of denial "as to the claim's validity, there exists a debatable reason for denial, eliminating the bad faith claim."[109]  On the other hand, if an insured demonstrates "reasonable persons could come to different conclusions as to whether [the insurance company] evaluated the claim and acted reasonably in rejecting or settling the claim,"[110] it is not appropriate to resolve this defense as a matter of law.[111]  Utah courts have consistently stated that determining whether a breach of

---

[105] Dkt. 15, *Motion*, at 17–20.

[106] *Billings*, 918 P.2d at 465.

[107] *M.A. v. Regence BlueCross BlueShield of Utah*, 2020 UT App 177, ¶ 17, 479 P.3d 1152 (internal quotation marks omitted).

[108] *Baker v. Progressive Direct Ins. Co.*, No. 2:21-CV-00307-JCB, 2023 WL 3044954, at *6 (D. Utah Apr. 21, 2023).

[109] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 34, 56 P.3d 524.

[110] *Gagon v. State Farm Mut. Auto. Ins. Co.*, 746 P.2d 1194, 1197 (Utah Ct. App. 1987); *see also Jones v. Farmers Ins. Exchange*, 2012 UT 52, 286 P.3d 301 (denying summary judgment because reasonable minds could differ regarding whether the insurer's conduct measured up to the required standard of good faith and fair dealing).

[111] *Jones v. Farmers Ins. Exch.*, 2012 UT 52, ¶ 9.

duty has occurred is often a fact-intensive inquiry "to be determined by the factfinder after consideration of all attendant circumstances and evidence."[112]

Here, summary judgment is not appropriate because reasonable minds could differ on whether State Farm acted reasonably in investigating and rejecting Taylor's claim. The crux of this dispute is not whether the windstorm caused damage to Taylor's roof. Rather, it is whether Taylor's Policy requires State Farm to cover only those shake shingles damaged by the storm or, due to the unique construction requirements of the roof and its condition at the time State Farm insured it, State Farm must cover replacement of the entire roof.[113] To be entitled to the fairly debatable defense as a matter of law, State Farm must show there is no dispute concerning the reasonableness of its conduct at the time it denied Taylor's claim. State Farm has not made that showing.

It is not clear from the record, including the facts State Farm asserts in its Motion, what information State Farm had at the time it denied Taylor's claim. It is therefore not possible to determine whether State Farm's reasonably rejected the claim. The only facts State Farm includes to support its fairly debatable defense are: 1) State Farm's employee "inspected Taylor's roof and provided Taylor with an estimate to replace only the individual wind-damaged shakes"; 2) Taylor hired a public adjuster and the adjuster emailed State Farm an estimate for a full roof replacement; and 3) "State Farm maintained its position."[114] It is unclear whether State Farm possessed information that replacing individually damaged shakes was feasible before it

---

[112] *Western Farm Credit Bank v. Pratt*, 860 P.2d 376, 380 (Utah Ct. App. 1993) (internal brackets omitted); *see also Republic Grp., Inc. v. Won-Door Corp.*, 883 P.2d 285, 291 (Utah Ct. App. 1994) ("[G]ood faith and fair dealing are fact sensitive concepts, and whether there has been a breach of good faith and fair dealing is a factual issue, generally inappropriate for decision as a matter of law."); *Brown v. Weis*, 871 P.2d 552, 565 (Utah Ct. App. 1994) ("Determin[ing] whether a breach has occurred is generally one of fact, not law, and thus is ordinarily left to the jury or finder of fact.").

[113] Dkt. 15, Ex. B, Declarations.

[114] Dkt. 15, *Motion*, at 2, 4–5.

denied Taylor's claim or what information it relied on in determining the claim was fairly
debatable.

Indeed, the materials State Farm submitted to support its contention suggest State Farm
may have acquired this information after the denial.[115]  In its Reply, State Farm asserts additional
facts for the first time, including information concerning how it may be possible to repair
individually damaged wooden shakes without replacing the whole roof.[116]  And a jury will
ultimately have to assess State Farm's position that spot shingle repairs can be made
notwithstanding the unique circumstances surrounding Taylor's roof.

For these reasons, reasonable minds could differ concerning whether State Farm's
conduct in rejecting or settling the claim was reasonable or met the required standard of care.
State Farm has failed to meet its burden to receive to judgment as a matter of law on its "fairly
debatable" defense.

### III.    Policy Determination

State Farm also seeks "an order finding that the [P]olicy covers only individual wind
damaged shingles and does not cover a full roof replacement if it is found that the need for a full
roof replacement predated the policy period and/or was caused by any excluded cause of
loss."[117]  State Farm maintains that whether the policy covers a full roof replacement under
certain facts is a matter of law for the Court to decide, but the Court would have to resolve
factual disputes to make the finding State Farm is requesting.[118]

---

[115] *See e.g.*, Dkt. 23, *Reply*, Ex. R, at 21.  State Farm included the testimony of Dennis Fisher who was deposed after
Taylor filed his Complaint and who indicated it was possible to repair individual shingles with a "high lift."

[116] The court generally does not consider facts asserted for the first time in reply and, in any case, State Farm's
additional exhibits containing the inspector's testimony regarding roof repair only highlights the disputed facts
inherent to the issue.  *See Physicians Comm. for Responsible Medicine v. Johnson*, 436 F.3d 326, 331 n.6 (declining
to consider a supplemental document from the record provided on reply).

[117] Dkt. 15, *Motion* at 2.

[118] *Id.*, at 23.

State Farm constructs a hypothetical scenario for the court and requests the court render a legal determination based on those hypothetical facts. This request essentially seeks an advisory opinion which Article III of the Constitution prohibits federal courts from providing.[119]  Thus, the court declines to make the policy determination Defendant requests.

## CONCLUSION

For the reasons stated, State Farm's Motion for Partial Summary Judgment[120] is DENIED.

SO ORDERED this 3rd day of September 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[119] *United States v. Muhtorov*, 20 F.4th 558, 607–08 (10th Cir. 2021) (noting that "[o]ne limitation on the judicial power is the prohibition of advisory opinions, which requires that courts must adjudicate only concrete legal issues, presented in actual cases, not abstractions" and explaining courts are not to decide disputes that are "hypothetical, abstract or academic in character").

[120] Dkt. 15